UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YASSER A. IBRAHIM,

    Plaintiff,

v.                                                              CASE NO: 8:05-cv-1235-T-26MAP

HILLSBOROUGH AREA REGIONAL
TRANSIT AUTHORITY a/k/a HART
d/b/a HARTline, et al.,

    Defendants.
_____/

## O R D E R

Before the Court is Defendant's Motion to Dismiss and Supporting Memorandum of Law seeking dismissal of Plaintiff's claim brought in count VI of the amended complaint pursuant to Florida's Whistle-blower's Act, sections 112.3187-112.31895, Florida Statutes.  After careful consideration of the well-pleaded allegations of Plaintiff's complaint which this Court must accept as true, the Court is of the opinion that the motion is due to be denied.  Given this conclusion, the Court needs no response from Plaintiff.

Defendant claims that count VI is subject to dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted.  It argues in that regard that Plaintiff's Whistle-blower claim is time-barred because it was not filed within 180 days of his termination in February of 2005.  The linchpin of Defendant's argument is premised on its counsel's representation that because Defendant has not established an administrative procedure for resolving complaints such as Plaintiff's, Plaintiff was obligated to file suit under the Whistle-blower's Act within 180 days after his termination.  See § 112.3187(8)(b), Fla. Stat.

The problem with Defendant's argument is twofold. First, this Court cannot rely on representations of counsel as evidentiary support in making a determination as to the existence or non-existence of Defendant's internal procedures. See United States v. Potes Ramirez, 260 F. 3d 1310, 1314 (11th Cir. 2001). Second, even if it could, this Court cannot consider matters beyond the complaint in the context of deciding a motion to dismiss under rule 12(b)(6). See Milburn v. United States, 734 F. 2d 762, 765 (11th Cir. 1984); accord Malowney v. Federal Collection Deposit Group, 193 F. 3d 1342, 1347 n.5 (11th Cir. 1999) (noting that "when considering a motion to dismiss for failure to state a claim, we may look only to the facts alleged in the complaint and not beyond.") (citing Milburn).

Finally, in the Court's view, Plaintiff has pleaded the performance or occurrence or conditions precedent to the maintenance of the claims brought in the amended complaint in accord with Rule 9(c), Federal Rules of Civil Procedure. Should Defendant chose to deny those allegations, it must do so "specifically and with particularity." Fed. R. Civ. P. 9(c).

Accordingly, for the reasons expressed, it is ordered and adjudged as follows:

1) Defendant's Motion to Dismiss (Dkt. 34) is denied.

2) Defendant shall file its answer and defenses to count VI of Plaintiff's amended complaint within 10 days of this order.

**DONE AND ORDERED** at Tampa, Florida, on March 24, 2006.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:   Counsel of Record